

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable M. S. Munson, Jr.
County Attorney
Wharton County
Wharton, Texas

Dear Sir:

Opinion No. C-5865
Re: Under the facts submitted,
what amount of penalty,
interest and costs should
be charged against a mem-
ber of the Armed Forces on
taxes on property owned by
him?

We have your request for opinion, which reads as
follows:

"The Tax Collector of this County has re-
quested me to write you relative to the collec-
tion of penalties and interests due by a certain
individual who is now a member of the United
States Armed Services, the circumstances sur-
rounding the case are as follows: A number of
years ago a man by the name of O. D. Kemp, be-
lieving that some effort might be made by some
of his creditors to levy upon a house and lot
then owned by him in the City of Wharton and in
which he lived conveyed the property to a friend
and verbally requested him to hold it in his
name until Mr. Kemp's son, who was then a young
boy reached the age of 21 years, at which time
the property was to be conveyed to the boy. Mr.
Kemp and his wife and son continued to live on
the property up until the death of Mr. Kemp and
his wife and son still live there except that
the boy is now in the Navy. A short time ago
the property was transferred to the boy in ac-
cordance with his father's request and is now
on the tax rolls in his name. During all the
period of time that it was so held by the friend
no taxes were paid by any one and quite a large

amount of taxes have accumulated on the property
during this period of time. The boy is now de-
sirous of paying off the taxes out of his army
pay and the question arises as to the amount of
penalties, interests and costs that will be
charged against him.

"I do not believe that this situation would
come under the terms of Article 7336j of the Re-
vised Statutes for the reason that the boy has
come into the possession of the legal title to
the land since he joined the Navy, however it is
possible that he would come under the terms of
Article V of the Soldiers and Sailors Civil Relief
Act of 1940 as amended and especially paragraph
(4) of Section 500, which reads as follows: 'No
Penalty for Non-Payment of Taxes - Interest Limited.
Whenever any tax or assessment shall not be paid
when due, such tax or assessment due and unpaid
shall bear interest until paid at the rate of 6
per centum per annum, and no other penalty or in-
terest shall be incurred by reason of such non-
payment. Any lien for such unpaid taxes or assess-
ments shall also include interest thereon.'

"There is no question of a forced collection
or a foreclosure sale for taxes as the taxes will
be paid voluntarily, however the Tax Collector is
anxious that the boy be accorded every right to
which he is entitled to legally. Please advise
me about this at your earliest convenience."

You are correct in your belief that this situation
is not covered by Article 7336j, V.A.C.S. The material parts
of this article are:

"There is hereby released to all members of
the Armed Forces of the United States of America
. . . . all interest and penalties accruing sub-
sequent to their entry into such service, on State
and county ad valorem taxes on property listed on
the tax rolls of any county in the name of any of
such members of the Armed Forces . . . . prior to
the time they joined such Armed Forces . . . . ;

Honorable M. S. Munson, Jr., Page 3

providing that the release of such interest and
penalties shall extend for the duration of World
War II, and providing that the respective members
of such Armed Forces . . . . shall be allowed a
period of not to exceed six (6) months after the
cessation of hostilities in which to pay without
penalty and interest their taxes which have ac-
crued and which shall accrue during the duration
of the war." (Emphasis ours)

As we pointed out in Opinion No. O-5566, when a
person is (a) a member of the Armed Forces of the United States
of America or their auxiliaries, or a member of the Armed Forces
Reserve or their auxiliaries, and (b) prior to the time such
person joined same, (c) there was listed in his name on the tax
rolls of the county property subject to ad valorem taxes, and
(d) said ad valorem taxes, subsequent to such entry into the
above mentioned forces, became delinquent, then (e) all interest
and penalties on said delinquent taxes would be released by
operation of said Article 7336j to said person for the duration
of the war and for not more than six months after the cessation
of hostilities. In that opinion we further held that the re-
lease does not apply to the costs which accrued in connection
with said taxes. Since the property in question does not meet
the requirements set out in this statute, particularly in that
it was not listed on the tax rolls in the name of this sailor
prior to the time he joined the Navy, no benefits can accrue to
him thereunder.

It would appear that Article V of the Soldiers' and
Sailors' Civil Relief Act (50 U.S.C.A. Sec. 560, et seq.) is
likewise limited in its application. Paragraph (1) of this
Article reads, in part:

"The provisions of this section shall apply
when any taxes or assessments . . . . whether
falling due prior to or during the period of
military service, in respect of . . . . real
property owned and occupied . . . . by a person
in military service or his dependents at the
commencement of his period of military service
and still so occupied by his dependents are not
paid." (Emphasis ours)

The question arises whether this property was owned
and occupied by the sailor at the commencement of his period
of service.

722

From your statement, it is apparent that the friend to whom C. D. Kemp deeded the property held naked legal title thereto. He was holding it in trust for Kemp's son, who had the beneficial or equitable title thereto. In addition to the equitable title, Kemp's son had possession of the property at the commencement of his period of military service. Cooley, Taxation (1924) in Section 677 states:

"It has been held that the term 'property' includes an equitable as well as a legal interest. So the word 'owned' in an exemption statute is generally construed to comprehend an equitable as well as a legal ownership."

This statement is borne out by the following cases:

State ex rel. City of St. Louis v. Baumann, 348 Mo. 164, 153 SW (2) 31.
Engineering Society of Detroit v. City of Detroit, 308 Mich. 539, 14 NW (2) 79.
Commissioner of Taxation v. Thayer, Bradley Co., 291 Mass. 198, 197 NE 47.

It is our opinion that such property was "owned and occupied" by Kemp's son, within the meaning of the quoted portion of the Soldiers' and Sailors' Civil Relief Act at the commencement of his military service.

You are therefore advised that if the serviceman's mother is his dependent, and if she now occupies the property, paragraph (4) of Sec. 560 of 50 U.S.C.A. applies to the property under consideration, and that the taxes shall bear interest at the rate of 6 per cent per annum only, and no other penalty or interest shall be incurred by reason of such nonpayment.

Trusting that the foregoing sufficiently answers your inquiry, we are,

Very truly yours

ATTORNEY GENERAL OF TEXAS

Arthur L. Moller
Assistant

ALM:rlt

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN